Birchard, X.,-
dissenting. It has been held that there is .nó such tiling in Ohio aS an executor de. soil tort., In.the case at ■ bar, had lie Baron lived, Lathrbp, as creditor, plight have sued . out his writ, prosecuted his action to judgment and execution-, and finally made his money-out of the property fraudulently conveyed to this plaintiff. It was, as to creditors, a void transfer. When the estate of one is. thus made insolvent, the heirs, can have no interest in sefeing to its settlement. ■ They-will riot administer, but will leave the' burden of administration to those who have some interest in the matter, that is, to the' creditors. Now, what I consider erroneous in the opinion of the Court, is. this: • It misconceives the office and duties of an administrator under the laws of this State, and defeats the policy of our statute. It applies principles which had their origin in another country, and under laws, in this respect, dissimilar to our. own. The act of March 23, 1840,- entitled “an act to provide for the settlement'of the estates of deceased persons,” (Swan’s. Stat. 339,) provides that all-the.personal estate shall first be applied to the payment of the debts due by the estate, and, if found insufficient; that .the lands sháll next be appropriated, by a sale, on petition' to the Court of Common Pleas of the county where it lies. The I21st section declares that the land, which shall then be sold, shall include all that the deceased may have conveyed, with intent to defraud his creditors: ■ The 122d section *528 gives the administrator a right to maintain the action of ejectment, or a bill in chancery to avoid such sale.
Under this statute, the administrator represents the creditors of the deceased person, making a fraudulent conveyance, and is bound to pursue the property, for the benefit of creditors, which they might have reached if the intestate had lived. He is bound to deal fairly with all the creditors; is authorized expressly to pursue his legal action, to obtain possession of lands fraudulently conveyed, and a fortiori he may sue for and recover the personal property so conveyed. By other provisions of the statute, personalty must be first resorted to for the payment of debts. The creditor cannot look to lands, in any case, for the satisfaction of his debts, until all the personal estate within his reach has been exhausted.'
The facts disclosed by the bill of exceptions, show that the administrator of Le Baron does not, in point of fact, represent the interests of his heirs to the amount of a cent. The estate is deeply involved. The judgment of $ 13,000, recovered against the fraudulent assignee, should be suffered to stand for the benefit of the creditors of the estate, among whom the law distributes it upon equitable principles. I maintain that the action was well brought; that the creditors are the parties in interest, and duly represented under the provisions of the statute; that the fraudulent transfer of goods or lands by the intestate, destroyed no claim which creditors have upon them, or their proceeds, and that, if the estate is insolvent, such, lands, goods, and their proceeds, are assets for the payment of the debts due and owing by the estate. Who can administer assets of a decedent, in Ohio, but the administrator ? The answer is, to me, plain; no one. Then, does not the above decision make a case of wrong without a remedy ? It is said that the • remedy is in chancery. Admitting that it is j but, for this decision, it would not follow that it is there, because there was not a plain and adequate remedy at law. For, it is palpable that trover is a form of action less complex than a bill in equity; it requires but two parties, and affords the very best tribunal *529 for exposing a fraud, to wit, a jury trial.. While, upon a proceeding in chancery, every one of the creditors must come in and be made a party, or he cannot get his distributive share; and the administrators and heirs must also be brought in, if for no other purpose than to deny that there are other assets.
But I have said enough. I leave the subject, with a request that those who may think me in error, will take the trouble to examine the question in connection with the past decisions of the .Court, the legislation of the State, and the authorities cited by counsel.